TM:JMR
F.#2010R00258

**M-10-212**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DAVID HWANG,

           Defendant.

- - - - - - - - - - - - - - - - -X

<u>TO BE FILED UNDER SEAL</u>

AFFIDAVIT IN SUPPORT OF
<u>ARREST WARRANT</u>
(18 U.S.C. §§ 1951(a),
924(c)(1)(A)(i), 2 and
3551 <u>et</u> <u>seq</u>.)

EASTERN DISTRICT OF NEW YORK, SS:

        JOHN HUI, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation duly appointed according to law and acting as such.

        Upon information and belief, in or about October 2009, within the Eastern District of New York and elsewhere, the defendant DAVID HWANG, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery of a gambling club, and to commit and threaten physical violence to a person in furtherance of the robbery.

        (Title 18, United States Code, Section 1951(a) and 3551 <u>et</u> <u>seq</u>.)

Upon information and belief, in or about October 2009, within the Eastern District of New York, the defendant DAVID HWANG, together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: a conspiracy to commit a robbery of a gambling club, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") for approximately fourteen years and have been assigned to the squad tasked with investigating Asian organized crime for approximately ten years. During my tenure with the FBI, I have participated in several long-term organized crime investigations, during the course of which I have conducted physical and electronic surveillance, executed search warrants, reviewed and analyzed numerous taped conversations, and debriefed cooperating witnesses and confidential informants.

2. Where actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

---

[1] Because the purpose of this Affidavit is to establish only probable cause to arrest, I have not set forth a description of all the facts and circumstances of which I am aware.

3. I am familiar with the facts and circumstances of this matter from: (a) my personal participation in this investigation and in other investigations of organized crime; (b) reports made to me by other special agents of the FBI; and (c) information obtained from confidential informants.

4. In or about October 2009, two unidentified Asian males (hereinafter, "UAM-1" and "UAM-2") entered an illegal gambling parlor located at 816 58th Street, Brooklyn, New York (hereinafter, the "58th Street Gambling Parlor") through an unlocked front metal door. In the back room of the 58th Street Gambling Parlor, approximately five individuals were playing mahjong, while another individual slept on the couch in the front room. The 58th Street Gambling Parlor sold Marlboro Light cigarettes to its patrons, in addition to providing complimentary food, tea and bottled water.

5. According to information provided by victims of the robbery, when UAM-1 and UAM-2 entered the back room of the 58th Street Gambling Parlor, UAM-1 was carrying a black semi-automatic pistol and UAM-2 was carrying a silver knife. After one of the unidentified Asian males shouted that this was a "robbery," UAM-2 proceeded to search the individuals who had been playing mahjong while UAM-1 guarded the door to the back room. After one of the patrons gave UAM-2 approximately $1,000, UAM-2 yanked a white-gold necklace from the patron's neck and took the patron's wallet, which contained additional money, the patron's

driver's license and credit and debit cards. UAM-2 then punched the patron in his left temple. According to another witness, another patron's wallet and cell phone were also taken. After UAM-1 and UAM-2 completed their search of the patrons, the patrons observed UAM-1 and UAM-2 exit through the front door of the gambling parlor.

6. After the robbery, the owner of the 58th Street Gambling Parlor closed the club for the remainder of the day. According to the owner, once the 58th Street Gambling Parlor reopened, fewer patrons participated in the club's gambling activities than had participated prior to the robbery, resulting in decreased revenues for the club.

7. In the course of the investigation, victims of the robbery at the 58th Street Gambling Parlor positively identified DAVID HWANG through a photographic array as one of the unidentified Asian males who had participated in the robbery.

5

WHEREFORE, your deponent respectfully requests that an arrest warrant issue for the defendant DAVID HWANG so that he may be dealt with according to law.

WHEREFORE, your deponent further requests that this affidavit be sealed until further order of the Court.

John Hui
Special Agent, FBI

Sworn to before me this
3d 4th day of March 2010

S/Pohorelsky

HONORABLE POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK